IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                      Case No. 16-10138-JWB

MICHAEL RODENBEEK,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion for compassionate release. (Doc. 62.) The motion has been fully briefed and is ripe for decision. (Docs. 64, 65.) The motion is DENIED for the reasons stated herein.

**I.  Background**

On March 13, 2017, Defendant pleaded guilty to two counts of 18 U.S.C. § 2251(a), production of child pornography. According to the plea agreement, Defendant produced child pornography on two separate occasions with two minor victims aged nine and ten. (Doc. 25.) A presentence report was prepared and calculated the sentencing guidelines range at 360 months to life. (Doc. 35 at 19.) Although Defendant initially objected to certain findings in the report, he later withdrew his objections and the presentence report was adopted by the court. (Docs. 48, 53.) Defendant was sentenced to 240 months after the sentencing judge varied downward due to Defendant's age. (Doc. 53 at 3.)

Defendant moves for compassionate release on the basis that he is the only caregiver for his ailing father and because of his rehabilitation efforts. The government opposes the motion.

**II.  Standard**

1

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [that] rule of finality is subject to a few narrow exceptions." *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)). Defendant moves for a sentence reduction under § 3582(c)(1)(A). Under that statute, a sentence reduction is allowed when "extraordinary and compelling reasons warrant such a reduction . . . ." *Id*. Prior to 2018, that section only authorized the Director of the Bureau of Prisons to move for a reduction. *Id*. The First Step Act changed this to allow a defendant to file his own motion for reduction after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *United States v. Mata-Soto*, 861 F. App'x 251, 253 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). Exhaustion is mandatory. *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021). Here, Defendant has exhausted his administrative remedies. (Doc. 62-1.)

The Tenth Circuit has endorsed a three-step test for district courts to use in deciding motions filed under § 3582(c)(1)(A). *McGee*, 992 F.3d at 1042. Under that test, the court may reduce a sentence if Defendant has administratively exhausted his claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*. A court may deny the motion when any of the three requirements is lacking and the court need not address the other requirements. *Id*. at 1043. But all requirements must be addressed when the court grants a motion for release under the statute. *Id*. Defendant bears the burden of establishing

that compassionate release is warranted under the statute. *See, e.g.*, *United States v. Moreno*, 519 F. Supp. 3d 937, 941 (D. Kan. 2021).

**III.    Analysis**

Defendant asserts that he has established extraordinary circumstances because he is the only caregiver available to care for his father who suffers from either dementia or Alzheimer's. (Doc. 62 at 2.) While family circumstances can support a finding of extraordinary circumstances supporting compassionate release, Defendant has failed to do so here. Under the policy statement, Defendant must show "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C). Defendant has failed to show that his father is incapacitated and that he is the only available caregiver.

Defendant states that his father's memory is on constant decline and he needs a caregiver. Defendant, however, fails to provide any evidence that his father is incapacitated to the extent that a fulltime caregiver is needed. Notably, Defendant states that his father continues to drive himself. (Doc. 62 at 2–3.) Further, Defendant fails to establish that he is the only available caregiver. Defendant's motion discusses other family members who visit his father and, as pointed out by the government, the presentence report identifies several family members in the area. (Doc. 64 at 9–10.) Therefore, the court finds that Defendant has not met his burden to show that his father is incapacitated and that he is the only available caregiver. *See United States v. Lopez*, 846 F. App'x 733, 735 (10th Cir. 2021) (affirming denial of motion for compassionate release when the defendant did not make a sufficient showing on his claim.)

Defendant also asserts that he has been rehabilitated and cites to various activities that he has done while incarcerated. While these behaviors are commendable, they do not independently

create an extraordinary or compelling reason for release.  U.S.S.G. § 1B1.13(d) ("rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason.").

Because Defendant has failed to demonstrate any extraordinary or compelling reason for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), his motion for sentence reduction must be denied.  *McGee*, 992 F.3d at 1043.  Although the court need not address the section 3553(a) sentencing factors given this decision, the court would further find that the sentencing factors do not weigh in favor of a sentence reduction for the reasons set forth by the sentencing court at sentencing and for the reasons set forth by the government.  The court notes that Defendant already received a significant variance at sentencing based on his age.  Defendant committed egregious crimes on two different minor victims and has not even served half of his sentence.  Considering all of the arguments and circumstances presented by Defendant, the court concludes that the sentence of 240 months continues to be required to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

**IV.   Conclusion**

Defendant's motion for compassionate release (Doc. 62) is DENIED.

IT IS SO ORDERED.  Dated this 28th day of January 2026.

                                             __ s/ John Broomes_____
                                             JOHN W. BROOMES
                                             CHIEF UNITED STATES DISTRICT JUDGE